UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
JENNIFER PIACENTE,

                                    Plaintiff,

                                                        <u>COMPLAINT</u>

                -against-

                                                        07 Civ. 8644 (SCR)
CITY OF BEACON,                                         (Jury Trial Demanded)
                                                        ECF CASE
                                    Defendant.
-------------------------------------------------------------------------X

      Plaintiff Jennifer Piacente, by her attorney Scott A. Korenbaum, Esq., for her complaint, alleges as follows:

<u>Preliminary Statement</u>

1.      Jennifer Piacente brings this action, pursuant to Title VII of the Civil Rights Act of 1964, as amended, to redress the retaliation she has experienced, and continues to experience, while employed by the City of Beacon as a detective assigned to the City of Beacon Police Department (the "Department").  More specifically, as a result of participating in an action entitled <u>Buddenhagen, et al. v. City of Beacon, et al.</u>, 04 Civ. 290 (SCR) (the "Buddenhagen Action"), which is pending in the United States District Court for the Southern District of New York, the City improperly brought disciplinary charges against her, which charges are still pending.

<u>Jurisdiction and Venue</u>

2.      Pursuant to 28 U.S.C. § 1331, jurisdiction is proper as plaintiff's claim arises under federal law.  Pursuant to 28 U.S.C. § 1391, venue is proper because the parties reside in this district and because the facts underlying the plaintiff's claims occurred in this district.

<u>Administrative Prerequisites</u>

3.      On or about March 27, 2007, Detective Piacente filed a charge of discrimination with

the United States Equal Employment Opportunity Commission (the "EEOC"). In the charge, she alleged that the City retaliated against her as a result of her participation in the Buddenhagen Action, in which she alleges that she has been discriminated against on the basis of her gender.

4.     On or about July 15, 2007, Detective Piacente received a Right to Sue Letter from the EEOC. Detective Piacente commenced this action within 90 days of her receipt of a right to sue letter.

<u>Parties</u>

5.     Detective Piacente is a woman. She is also a citizen of the United States who resides in the State of New York, County of Dutchess. At all times relevant herein, she was, and remains, a member of the Department and an employee of the City of Beacon.

6.     The City of Beacon is a municipality located in Dutchess County, State of New York. At all times relevant herein, the City was and remains the employer of Detective Piacente, and is an employer within the meaning of Title VII.

<u>Facts</u>

7.     Detective Piacente became a member of the Department in January 1990. On March 20, 2000, she was promoted to the position of Detective, which position she continues to hold.

8.     While a detective, Ms. Piacente has always been assigned to the Juvenile/Community Relations Division (the "Juvenile Division"). Between March 2000 and the present, the Department had approximately 40 members, no more than four of whom, including Ms. Piacente, were women. Presently, Ms. Piacente is the only female member of the Department.

9.     Throughout her employment with the Department, Ms. Piacente performed her responsibilities in a satisfactory manner.

-2-

10.     On or about October 1, 2004, Detective Piacente became a plaintiff in the Buddenhagen Action. In the action, she raised allegations concerning systemic gender discrimination in the Department.  The Buddenhagen Action is still pending.

11.     In or about the late evening (or early morning) hours of November 23-24, 2006, Detective Piacente was at Moroney's Pub in Beacon.  At that time Detective Piacente was accosted by her husband's ex-wife.

12.     Following this incident, the ex-wife sought to press charges against Detective Piacente.  Upon information and belief, the New York State Police and the Duchess County DA's Office declined to bring any criminal charges against Detective Piacente as a result of the conduct.

13.     The Department, however, notwithstanding its obvious conflict of interest, pressed charges against Detective Piacente even though it knew that both the State Police and the DA's Office had declined to do so.

14.     Believing that she had been a victim of the incident, Detective Piacente appeared with her criminal defense attorney at the Department on or about November 30, 2006, to file a cross-complaint against her husband's ex-wife.  Detective Lt. Musmeci received Detective Piacente's cross-complaint, and pursuant to Department policy was required to process it.  He refused.  To date, the charge against Detective Piacente (Harassment, a Violation), is still pending, and the Department has not permitted her to file the cross-complaint.

15.     By Notice of Discipline (the "Notice") dated February 9, 2007, the City served Detective Piacente with Specifications and Charges arising out of the incident at Moroney's.

16.     In the Notice, the City charged Detective Piacente with physically attacking the other woman, failing to report promptly her alleged misconduct, and lying about the event.  The Notice

also states, in no uncertain terms, that "it is the intention of the [City] to seek to terminate [her] employment." On or about March 20, 2007, the City served an Amended Notice of Discipline. To date, the charges and specifications remain pending against Detective Piacente.

17.    Throughout her tenure with the Department, there have been a number of members of City employees assigned to the Department who have engaged in serious acts of misconduct, including criminal conduct. Notwithstanding the knowledge of Department and other high-ranking government employees, these officers have not been brought up on disciplinary charges.

<u>FIRST CLAIM FOR RELIEF</u>
(Detective Piacente--Title VII)

18.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 17 above, as if set forth fully herein.

19.    At all times relevant herein, Detective Piacente was qualified for the position she held.

20.    At all times relevant herein, Detective Piacente performed her job in a satisfactory manner.

21.    On or about October 1, 2004, Detective Piacente became a plaintiff in Buddenhagen Action. In the action, she raised allegations concerning systemic gender discrimination in the Department. The Buddenhagen Action is still pending.

22.    Following her participation in the Buddenhagen Action, the City retaliated against her by serving her with the Specifications and Charges contained in the Notice.

23.    The disciplinary proceedings are still pending against Detective Piacente.

24.    As a result of the retaliation she has experienced, Detective Piacente has suffered both

emotional and pecuniary damages for which the City is liable.

**WHEREFORE**, Detective Piacente prays for the following relief:

(a)    compensatory damages, including out of pocket expenses and emotional

harm, in an amount to be determined at trial;

(b)    pre-judgment interest;

(c)    costs and expenses of this action;

(d)    reasonable attorneys' fees; and

(e)    such other and further relief as is just and proper;

Dated: New York, New York
        October 5, 2007

SCOTT A. KORENBAUM, ESQ.
Attorney for Plaintiff
111 Broadway, Suite 1305
New York, New York  10006
(212) 587-0018


By:_____/s_____

Scott A. Korenbaum (SK-8305)

-5-