UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

JENNIFER PIACENTE,                          :

               Plaintiffs,                :    **ANSWER FOR CITY OF BEACON**

   -against-                               :    Case No.: 07-CV-8644

CITY OF BEACON,                             :

               Defendant.                 :

_____:

     The defendant, the City of Beacon, by its attorney, TOWNE, BARTKOWSKI & DeFIO KEAN, P.C., as and for an answer to the plaintiffs' Complaint dated October 5, 2007, bearing Civil Case No. 07-CV-8644, herein allege as follows:

1. Denies each and every allegation and/or statement contained in paragraph "1" of the complaint, and refers all questions of law to the Court.

2. With respect to the allegations contained in paragraph "2" of the complaint, admit that this Court has jurisdiction over actions timely and properly commenced under 28 U.S.C. §1331 and that venue is proper pursuant to 28 U.S.C. §1391 and refer all questions of law to the Court.

3. With respect to the allegations contained in paragraph "3" of the complaint, admits that on or about March 27, 2007, Ms. Piacente filed a Charge of Discrimination with the Equal Employment Opportunity Commission (the "EEOC"), and otherwise denies each and every other statement and/or allegation contained therein; however, to the extent that there are references to documents filed with the EEOC, defendant, respectfully refer the Court thereto for accuracy as the documents speak for themselves.

4. With respect to the allegations contained in paragraph "4" of the complaint, admit that a Right to Sue Letter was issued by the EEOC, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of each and every other allegation and/or statement contained therein and respectfully refer the Court to the Right to Sue Letter for the accuracy as the document speaks for itself.

5. Admits the allegations and/or statements contained in paragraph "5" of the complaint.

6. With respect to the allegations contained in paragraph "6" of the complaint, defendant, admits that the City of Beacon is a municipality located in Dutchess County and admit that the City of Beacon was and remains an employer of Ms. Piacente; and refer all questions of law to the Court.

7. Admits the allegations and/or statements contained in paragraph "7" of the complaint.

8. With respect to the allegations set forth in paragraph "8" of the complaint, defendant, admits that Ms. Piacente has always been assigned to the Juvenile/Community Relations Division and denies each and every other allegation and/or statement contained therein.

9. Denies each and every allegation and/or statement contained in paragraph "9" of the complaint.

10. With respect to the allegations set forth in paragraph "10" of the complaint, defendant, admits that Ms. Piacente is a plaintiff an action pending in the Southern District of New York with an index number 04-CV-00290 and respectfully refer the Court thereto for accuracy as to what has and has not been alleged in that action.

11. With respect to the allegations set forth in paragraph "11" of the complaint, defendant, admits that Ms. Piacente was involved in an altercation on the evening of November 23-24 at Moroney's Pub in Beacon, but otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of each and every other allegation and/or statement contained therein.

12. With respect to the allegations set forth in paragraph "12" of the complaint, defendant, admits that criminal charges were sought against Ms. Piacente as a result of the incident at Moroney's Pub, but otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of each and every other allegation and/or statement contained therein.

13. Denies each and every allegation and/or statement contained in paragraph "13" of the complaint.

14. With respect to paragraph "14" of the complaint, defendant, denies each and every allegation and/or statement contained therein, except whether a charge against Ms. Piacente is currently pending as to which defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of that allegation and/or statement contained therein.

15. Denies each and every allegation and/or statement contained in paragraph "15" of the complaint.

16. With respect to the allegations set forth in paragraph "16" of the complaint, defendant, admits that on March 20, 2007, the defendant served Ms. Piacente with an amended Notice of Discipline and respectfully refers the Court to the Notice of Discipline and Amended Notice of Discipline for accuracy as to what is contained therein.

17. Denies each and every allegation and/or statement contained in paragraph "17" of the complaint.

18. Defendant repeats and realleges paragraphs "1" through "17" as if fully set forth herein.

19. Admits the allegations and/or statements contained in paragraph "19" of the complaint.

20. Denies each and every allegation and/or statement contained in paragraph "20" of the complaint.

21. With respect to the allegations set forth in paragraph "21" of the complaint, defendant, admits that Ms. Piacente is a plaintiff an action pending in the Southern District of New York with an index number 04-CV-00290 and respectfully refer the Court thereto for accuracy as to what has and has not been alleged in that action.

22. Denies each and every allegation and/or statement contained in paragraph "22" of the complaint.

23. Admits the allegations and/or statements contained in paragraph "23" of the complaint.

24. Admits the allegations and/or statements contained in paragraph "24" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES AS FOLLOWS:

25. The defendants repeat and reallege paragraphs "1" through "24" as if fully set forth herein.

26. The documentary evidence proves that the defendant is not liable for the damages alleged by the plaintiff.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES AS FOLLOWS:

27  The defendant repeats and realleges paragraphs "1" through "26" as if fully set forth herein.

28. Plaintiff's complaint fails to state a cause of action against the defendant.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES AS FOLLOWS:

29. The defendant repeats and realleges paragraphs "1" through "28" as if fully set forth herein.

30. The defendant at all times acted reasonably, in good faith, for legitimate reasons and without malice.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES AS FOLLOWS:

31. The defendant repeats and realleges paragraphs "1" through "30" as if fully set forth herein.

32. The Plaintiff's claims are barred by the applicable statute of limitations.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES AS FOLLOWS:

33. The defendant repeats and realleges paragraphs "1" through "31" as if fully set forth herein.

34. The Plaintiff is barred from any recovery due to her failure to mitigate her damages.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES AS FOLLOWS:

35. The defendant repeats and realleges paragraphs numbered "1" through "33" as if fully set forth herein.

36. Any and all statements and/or actions by the defendants alleged in plaintiff's complaint were for non-discriminatory, justifiable and legally valid reasons.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES AS FOLLOWS:

37. The defendant repeats and realleges paragraphs numbered "1" through "36" as if fully set forth herein.

38. The plaintiff did not suffer any adverse/tangible employment action.

39. Therefore, the plaintiff cannot maintain a retaliation claim against the defendant.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES AS FOLLOWS:

40. The defendant repeats and realleges paragraphs numbered "1" through "39" as if fully set forth herein.

41. The plaintiff cannot establish a prima facie retaliation claim: There is no causal connection between the claimed adverse action and the protected activity.

WHEREFORE, the defendant, City of Beacon demand:

(1) Judgment dismissing the complaint in its entirety;

(2) The costs, disbursements and attorneys' fees associated with this action; and

(3) Such other and further relief as the Court deems just and proper.

Dated: March 3, 2008

                                    TOWNE, BARTKOWSKI & DeFIO KEAN, P.C.

                                    By _____
                                    Elena DeFio Kean, Esq.
                                    Attorneys for Defendant, City of Beacon
                                    450 New Karner Road
                                    P.O. Box 15072
                                    Albany, New York 12212
                                    Tel. No.: (518) 452-1800

TO:    Scott A. Korenbaum, Esq.
         Attorneys for Plaintiffs
         111 Broadway, Suite 1305
         New York, New York 10006